**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**November 22, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **S.S.-1, A.S., S.S.-2, and G.S.**

**No. 17-0460** (Mineral County 16-JA-20, 16-JA-21, 16-JA-22, & 16-JA-23)

**MEMORANDUM DECISION**

Petitioner Father W.S., by counsel Ramon Rozas III, appeals the Circuit Court of Mineral County's May 9, 2017, order terminating his parental rights to S.S.-1, A.S., S.S.-2, and G.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Meredith H. Haines, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that he received ineffective assistance of counsel.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2016, the DHHR filed an abuse and neglect petition against petitioner following an investigation of a referral that petitioner sexually abused S.S.-2. According to the petition, the child disclosed the abuse to a county sheriff. According to the child, petitioner watched pornography and masturbated in her presence and also fondled her breasts, among other acts. The child further disclosed that petitioner abused drugs during this incident by smoking a white substance that made him "very happy." Child A.S. also disclosed drug abuse by petitioner, while G.S. reported that petitioner shouted, kicked, and hit the children when angry.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because two of the children all share the same initials, we will refer to them as S.S.-1 and S.S.-2 throughout this memorandum decision.

[2]In his notice of appeal, petitioner raised another assignment of error regarding the circuit court's dispositional alternative as it related to the children's placement with a relative. However, in his brief on appeal, petitioner asserts that, due to a change in the children's permanent placement, he is withdrawing this second assignment of error as moot.

1

In April of 2017, the circuit court held an adjudicatory hearing, during which a DHHR employee testified that S.S.-2 consistently disclosed petitioner's abuse to five different adults.[3] The DHHR presented additional testimony from an employee of the local Child Advocacy Center and a Child Protective Services ("CPS") worker who investigated prior referrals of sexual abuse by petitioner. Petitioner presented testimony from his sister and his mother. Petitioner also testified on his own behalf and denied the allegations of sexual abuse. However, petitioner did admit that he was addicted to drugs, although he testified that his addiction did not affect his parenting ability. Immediately following the close of evidence, and without offering any parties the opportunity to present arguments in support of their position at adjudication, the circuit court made findings regarding the evidence. Based on S.S.-2's consistent disclosures of sexual abuse and other factors, the circuit court found petitioner to be an abusing parent.

In May of 2017, the circuit court held a dispositional hearing.[4] The circuit court ultimately terminated petitioner's parental rights to the children.[5] It is from the dispositional order that petitioner appeals.[6]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record

---

[3]According to the record, at this point in the proceedings, petitioner was represented by Rebecca Miller.

[4]According to the record, at this point in the proceedings, petitioner was represented by current appellate counsel.

[5]Although petitioner's parental rights were terminated below, the children's non-abusing mothers retained their parental rights. According to the DHHR, child S.S.-1 has been returned to the care of her non-abusing mother and will reach the age of majority in November of 2017. G.S. is in the custody of her non-abusing mother with a permanency plan to remain in her care. Finally, the guardian states that children S.S.-2 and A.S. are currently placed with their non-abusing mother with a permanency plan to remain in the home.

[6]On appeal, petitioner does not raise an assignment of error challenging the circuit court's termination of parental rights.

viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

We find that petitioner is not entitled to relief in regard to his claim of ineffective assistance of counsel.[7] It is important to note that this Court has never recognized a claim of ineffective assistance of counsel in an abuse and neglect proceeding, and we decline to do so here, especially in light of the fact that, under the limited circumstances of this case, petitioner's counsel provided him with effective representation below. In support of this assignment of error, petitioner cites at least two instances of alleged ineffective assistance by counsel. According to petitioner, counsel failed to properly present evidence of prior CPS investigations that did not result in substantiated abuse, which he argues evidenced bias of the investigating authorities and called into question the results of the current investigation. Moreover, petitioner argues that counsel failed to make any argument at the close of evidence at the adjudicatory hearing, including a failure to argue whether the evidence was sufficient against the three children whom petitioner was not alleged to have sexually abused. Petitioner further alleges that counsel failed in other ways not readily apparent from the record, thus necessitating further development. The Court, however, finds no merit to these arguments.

First, the existence of prior investigations that did not result in substantiated abuse are irrelevant, given the fact that, in the current matter, S.S.-2 consistently disclosed petitioner's abuse to five different adults. Even assuming that the DHHR had a bias against petitioner because of the prior investigations, the fact remains that the circuit court was presented with overwhelming evidence that petitioner sexually abused S.S.-2. Petitioner's counsel at the adjudicatory hearing was not permitted to make any argument following the close of evidence, as the circuit court immediately proceeded to make its findings without providing any party such an opportunity. Moreover, an argument that the children who were not the direct victims of petitioner's sexual assault would not have prevailed, given that petitioner admitted that he was addicted to drugs. While petitioner claimed that "he . . . never brought that addiction around his children[,]" the circuit court found that testimony lacked credibility, especially in light of two children's statements that petitioner abused drugs in their presence. Accordingly, it is clear that petitioner abused all the children in this matter, and his counsel's decision to not argue that the evidence at adjudication was insufficient does not amount to ineffective assistance. Accordingly, the Court finds that petitioner is entitled to no relief in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 9, 2017, order is hereby affirmed.

Affirmed.

---

[7]Petitioner's allegations of ineffective assistance of counsel are limited to the attorney that represented him at the adjudicatory hearing below.

3

**ISSUED**:  November 22, 2017


**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Robin Jean Davis